UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.:

SAMUEL L. GREEN,

      Plaintiff,

vs.

WAL-MART STORES EAST, LP,

      Defendant.

_____/

### NOTICE OF REMOVAL OF STATE COURT ACTION

1.      Plaintiff filed a Complaint against the above named Defendant in the Circuit Court of the Fourth Judicial Circuit in and for Clay County, Florida, styled: SAMUEL L. GREEN V. WAL-MART STORES EAST, LP, Case Number 2021-CA-000374.

2.      In this Complaint, Plaintiff claims that he has been damaged due to the negligence of the Defendant.

3.      The Complaint does not allege the damages sought other than alleging that the amount in controversy exceeds the $30,000 State of Florida Circuit Court jurisdictional minimum.

4.      Plaintiff's Civil Cover Sheet, Form 1.997, filed with Florida's Fourth Judicial Circuit on May 7, 2021, indicates the estimated amount of the claim is over $100,000.

6.      As such, the citizenship of the parties, coupled with Plaintiff's Civil Cover Sheet give rise to original jurisdiction pursuant to 28 U.S.C. § 1332, and the Defendant seeks removal to the United States District Court for the Middle District of Florida.

## FEDERAL DIVERSITY JURISDICTION

7.      This is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to the Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) as it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

8.      A district court is not bound to the four corners of the complaint to assess jurisdiction.  *See Burns v. Windsor Ins. Co*., 31 F.3d 1092, 1094 (11th Cir. 1994) (internal citations omitted).  The burden is on the defendant to show, by a preponderance of the evidence, facts supporting the existence of jurisdiction.  *Id.*  To calculate the amount in controversy, courts have considered demand letters, settlement offers, and affidavit testimony, among other things. *See Martin v. Mentor Corp*., 142 F.Supp2d 1346 (M.D.Fla. 2001) (proposal for settlement provided adequate basis to establish amount in controversy); *Burns*, 31 F.3d at 1097 (offer of settlement was part of analysis to determine amount in controversy).

9.      A defendant may properly remove an action from state court and avail itself of the federal court system in any civil action of which the district courts of the United States have diversity jurisdiction pursuant to the provisions of 28 U.S.C. § 1441.

## A. Diversity of Citizenship

10.     Plaintiff, SAMUEL L. GREEN, now and at all times material to the Complaint, is and was a Florida citizen, domiciled in Putnam County, Florida.

11.     For removal purposes, a limited partnership is the citizen of every state in which the organization's partners or members are citizens.  *See, e.g., Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).  A corporation is deemed to be a

citizen of every state by which it has been incorporated and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).  Wal-Mart Stores East, LP is a Delaware limited partnership, of which WSE Management, LLC is the general partner, and WSE Investment, LLC is the limited partner.  The sole member of both WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC, an Arkansas limited liability company whose sole member is Walmart Inc.  Walmart Inc. is incorporated pursuant to the laws of the State of Delaware, with its principal place of business in the State of Arkansas, and is therefore deemed to be a citizen of the **State of Arkansas** and the **State of Delaware** pursuant to 28 U.S.C. § 1332(c)(1).  Accordingly, Wal-Mart Stores East, LP is a citizen of both Arkansas and Delaware for jurisdictional purposes, and is diverse from Plaintiff.

### B. Amount in Controversy

12.    Defendant, as the party invoking federal jurisdiction, carries the burden of proving to a reasonable probability that the claim is in excess of the statutory jurisdictional amount. *In re Rezulin Products Liability Litigation*, 133 F.Supp2d 272 (S.D.N.Y. 2001).  The focus of a defendant's efforts need not be whether the plaintiff is likely to secure an amount greater than $75,000.00. *See id.*  Instead, the focus is on the claim, and while plaintiff is the master of its claim whose monetary demand is to be accorded deference, a plaintiff's claim must be made in good faith. *Id.*  As set forth in the State Civil Cover Sheet, Plaintiff alleges damages in excess of $75,000.

13.    The original Complaint was served on May 11, 2021, putting Defendant on notice of the Civil Cover Sheet filed on May 7, 2021.   Accordingly, this notice has been filed within 30 days of Defendant having adequate notice of a basis for removal and less than one year has

passed since the filing of the original Complaint. Attached hereto as **Composite Exhibit "A"** is a copy of all papers filed to date in the State Court proceedings.

14.     Written notice of the filing of this notice has been furnished to Plaintiff.

15.     A copy of this Notice has been filed with the Clerk of the Circuit Court of the 4th Judicial Circuit, in and for Clay County, Florida.

WHEREFORE, Defendant, WAL-MART STORES EAST, LP, respectfully requests this Court assume original jurisdiction and grant this Notice for Removal.

<u>**CERTIFICATE OF SERVICE**</u>

WE HEREBY CERTIFY that we electronically filed the foregoing document with the Clerk of the Court using CM/ECF this 27th day of May, 2021, on all counsel of record on service list below.

LUKS,   SANTANIELLO,   PETRILLO   &
COHEN
 Attorneys for Defendant
301 W BAY STREET
SUITE 1010
JACKSONVILLE, FL 32202
Telephone:  (904) 791-9191
Facsimile:  (904) 791-9196


By:     /s/ Allison B. Ziegler
   TODD SPRINGER
   Florida Bar No.: 178410
   JESSALEA M. SHETTLE
   Florida Bar No.: 127614
   ALLISON ZIEGLER
   Florida Bar No.: 0084944
   LUKSJAX-Pleadings@LS-Law.com

**<u>SERVICE LIST</u>**

Farah and Farah, P.A.
Xavier T. Saunders, Esq.
10 West Adams Street
Jacksonville, Florida 32202
xsaunders@farahandfarah.com

Filing # 126397737 E-Filed 05/07/2021 02:13:13 PM

## FORM 1.997.    CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT COURT OF THE <u>FOURTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>CLAY</u>   COUNTY, FLORIDA

<u>Samuel L Green</u>
Plaintiff                                                      Case # _____
                                                               Judge  _____

vs.
<u>WAL-MART STORES EAST, LP</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

### III.    TYPE OF CASE       (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.



# COMPREHENSIVE CASE INFORMATION SYSTEM

Tara S. Green, Clerk of the Circuit Court

CLAY COUNTY   

eportaluser

Expand All

| Case Number | Filed Date | County | Case Type | Status | Contested | Jury Trial |
|---|---|---|---|---|---|---|
| 102021CA000374CAAXXX [2021CA000374] | 05/07/2021 | CLAY | | OPEN | No | No |

| Filing Date | Description | Active | Contested | Judgment Date |
|---|---|---|---|---|
| 05/07/2021 | Other Negligence - Premises Liability Commercial | YES | NO | - |

| Party Name | Party Type | Attorney | Bar ID |
|---|---|---|---|
| SHARRIT, MICHAEL SCOTT | JUDGE | | |
| ZIEGLER, ALLISON BETH | ATTORNEY | | |
| WAL-MART STORES EAST, LP | DEFENDANT | | |
| SAUNDERS, XAVIER T | ATTORNEY | | |
| GREEN, SAMUEL L | PLAINTIFF | SAUNDERS, XAVIER TAVARIS | 47798 |

## Dockets

Page : 1          ALL ∨

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| | 10 | 05/18/2021 | DESIGNATION OF PRIMARY E-MAIL ADDRESS | 2 |
| | 9 | 05/18/2021 | NOTICE OF APPEARANCE AS TO WALMART STORES EAST LP | 2 |
| | 8 | 05/07/2021 | PAYMENT $410.00 RECEIPT #88092 | 1 |
| | 7 | 05/07/2021 | REQUEST FOR ADMISSIONS | 2 |
| | 6 | 05/07/2021 | REQUEST | 4 |
| | 5 | 05/07/2021 | NOTICE OF SERVICE | 13 |
| | 4 | 05/07/2021 | COMPLAINT | 3 |
| | 3 | 05/07/2021 | SUMMONS ISSUED AS TO WAL-MART STORES EAST L.P. | 3 |
| | 2 | 05/07/2021 | CIVIL COVER SHEET | 3 |
| | 1 | 05/07/2021 | CASE FILED 05/07/2021 CASE NUMBER 2021CA000374 | |

## Judge Assignment History

## Court Events

## Financial Summary

## Reopen History



**Service of Process
Transmittal**
05/11/2021
CT Log Number 539537554

TO: Kim Lundy Service Of Process
Walmart Inc.
702 SW 8TH ST
BENTONVILLE, AR 72716-6209

RE: **Process Served in Florida**

FOR: Wal-Mart Stores East, LP (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Green Samuel L., Pltf. vs. Wal-Mart Stores East, LP, etc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, First Request, Request, Notice, Interrogatories |
| **COURT/AGENCY:** | Clay County Circuit Court, FL<br>Case # NONE |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 08/21/2020 - 1505 County Road 220, Fleming Island, Clay County, FL 32003 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/11/2021 at 04:04 |
| **JURISDICTION SERVED :** | Florida |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Xavier T. Saunders<br>Farah & Farah, P.A.<br>10 West Adams Street<br>Jacksonville, FL 32202<br>904-586-3060 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/12/2021, Expected Purge Date: 05/17/2021<br><br>Image SOP<br><br>Email Notification, Kim Lundy Service Of Process ctlawsuits@walmartlegal.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1200 South Pine Island Road<br>Plantation, FL 33324<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of 1 / DP



# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Tue, May 11, 2021

**Server Name:**              JOSHUA WRIGHT

| Entity Served | WAL-MART STORES EAST, LP |
| --- | --- |
| Agent Name | B01000000392 |
| Case Number | NONE |
| Jurisdiction | FL |



Filing # 126397737 E-Filed 05/07/2021 02:13:13 PM



IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
CLAY COUNTY, FLORIDA

CASE NO.:

SAMUEL L. GREEN,

      Plaintiff,

vs.

WAL-MART STORES EAST, LP,
a foreign limited partnership,

      Defendant.

_____/

## **SUMMONS**

**THE STATE OF FLORIDA:**

To All and Singular the Sheriffs of said State:

      **YOU ARE HEREBY COMMANDED** to serve this Summons, Complaint, Interrogatories with notice, Request to Produce and Request for Admissions in this action on Defendant:

      **Defendant- WAL-MART STORES EAST, LP,**
      **c/o Registered Agent**
      **C T Corporation System 1200 South Pine Island Road, Plantation, FL 33324.**

      Defendant is required to serve written defenses to the Complaint on Xavier T. Saunders, Esquire, attorney, whose address is FARAH & FARAH, P.A., 10 West Adams Street, Jacksonville, FL 32202, within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or petition.

      **WITNESS** my hand and the Seal of said Court this ____ day of May 2021.

As Clerk of said Court

By _Taylon Tison_    05/07/2021
    Deputy Clerk

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed I you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are no other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a coy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contester la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamanda telefonica no lo protegera; si usted desea que el tribunal considere su defense, debe presenter su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudieses perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legals. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberea usted enviar por correao o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

## **IMPORTANT**

Des poursuites juficiaries ont ete enterprises contre vous. Yous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous resquez de perdue la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immeidats d'un avocet. Si vous ne connaissez pas d'avacat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expediter une copie au carbone ou une photocopie de votre reponse ecrite an "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**XAVIER T. SAUNDERS, ESQUIRE**
**FARAH AND FARAH, P.A.**
Florida Bar Number: 0047798
10 West Adams Street
Jacksonville, FL 32202
(904) 586-3060 (Tel. & Fax.)
Primary: xsaunders@farahandfarah.com
Attorney for Plaintiff

Filing # 126397737 E-Filed 05/07/2021 02:13:13 PM

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
CLAY COUNTY, FLORIDA

CASE NO.:

SAMUEL L. GREEN,

      Plaintiff,

vs.

WAL-MART STORES EAST, LP,
a foreign limited partnership,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, **SAMUEL L. GREEN**, by and through the undersigned counsel, and hereby files this Complaint against Defendant, **WAL-MART STORES EAST, LP**, and alleges as follows:

1.      This is an action for damages in excess of $30,000.00, exclusive of fees, cost and interest.

2.      That at all times material hereto, Plaintiff, SAMUEL L. GREEN, was a resident of Putnam County, Florida and is otherwise, sui juris.

3.      At all times material hereto, Defendant, WAL-MART STORES EAST, LP, was a foreign limited partnership authorized to do and was doing business in the State of Florida and Defendant has its principal place of business at 708 SW 8th Street, Bentonville, Arkansas 72716.

4.      At all times material hereto, Defendant, WAL-MART STORES EAST, LP, has designated a registered agent who maintains an office in the State of Florida, to wit: C T Corporation System 1200 South Pine Island Road, Plantation, FL 33324.

5.      On or about August 21, 2020, Defendant, WAL-MART STORES EAST, LP, was the owner of or was otherwise in legal possession of premises, or a portion thereof, located at

1505 County Road 220, Fleming Island, Clay County, FL 32003 ("premises") which was open to the public as a retail store; members of the public were invited therein.

6.     At that time and place, Plaintiff, SAMUEL L. GREEN, went to the premises for the purpose of shopping, said purpose being a reason that the Defendant holds itself open to the public.

7.     At all times material, the Defendant, being the owner of or otherwise in legal control of the premises, had a duty to maintain the premises in a reasonably safe condition and/or to warn its invitees, including Plaintiff, of unreasonably dangerous conditions existing on the property.

8.     On or about August 21, 2020, while in the aforesaid store, Plaintiff slipped in a transitory foreign substance that was on the floor, falling to the ground as a result of slipping in the transitory foreign substance.

9.     Defendant had actual or constructive notice of the existence of this aforesaid transitory foreign substance on the floor of within the store located on the premises; therefore, Defendant should have taken steps to remedy the condition or warn Plaintiff of its existence. Defendant failed to do either of the aforementioned duties; thus, Defendant had constructive notice of the unreasonably dangerous condition caused by this transitory foreign substance because:

(a)     The dangerous condition existed for such a length of time that, in the exercise of ordinary care, Defendant should have known of the condition; or

(b)     The condition, to wit, a transitory substance on the floor of this store, occurred with regularity and was therefore foreseeable.

10.     Defendant breached its aforesaid duties to the Plaintiff by allowing this unreasonably dangerous condition to exist on its property and/or by failing to warn Plaintiff of its existence.

11.     As a   direct and proximate result of the aforesaid negligence, Plaintiff, SAMUEL L. GREEN, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical

and nursing care and treatment, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and plaintiff will suffer the losses in the future. Plaintiff, SAMUEL L. GREEN, has sustained permanent injuries within a reasonable degree of medical probability.

**WHEREFORE,** Plaintiff, SAMUEL L. GREEN demands judgment for damages against Defendant, WAL-MART STORES EAST, LP, and a **trial by jury of all issues so triable**.

Dated: May 7, 2021

                                   **Respectfully submitted,**
                                   **FARAH AND FARAH, P.A.**

                                   By: */s/ Xavier T. Saunders*
                                   **XAVIER T. SAUNDERS, ESQUIRE**
                                   Florida Bar Number: 0047798
                                   10 West Adams Street
                                   Jacksonville, FL 32202
                                   (904) 586-3060 (Tel. & Fax.)
                                   Primary: xsaunders@farahandfarah.com
                                   Attorney for Plaintiff

Filing # 126397737 E-Filed 05/07/2021 02:13:13 PM

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
CLAY COUNTY, FLORIDA

CASE NO.:

SAMUEL L. GREEN,

      Plaintiff,

vs.

WAL-MART STORES EAST, LP,
a foreign limited partnership,

      Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

      Plaintiff, SAMUEL L. GREEN, pursuant to Rules 1.280 and 1.350, Florida Rules of Civil Procedure, hereby requests that the Defendant, WAL-MART STORES EAST, LP, a foreign limited partnership, produce and permit Plaintiff to inspect and/or copy or photograph, at the offices of Farah & Farah, PA, 10 West Adams Street, Jacksonville, FL 32202, within the time provided for in the Rules, each of the following documents:

### DEFINITIONS

      As used throughout this Request for Production, the following terms are defined as follows:

      1.    "Document" is used herein in its customary broad sense to include, by way of illustration only and not by way of limitation, the following items, whether printed or reproduced by any process, or written and/or produced by hand, and whether or not claimed to be privileged or otherwise excludable from discovery, which are in the possession of, subject to the control of, or within the knowledge of Defendant, its agents, servants, employees or its counsel; namely, all written or printed matter of any kind including the original and all non-identical copies. Whether different from the original by reason of any notation made on such copies or otherwise (including without limitation correspondence, memoranda, notes, speeches, press releases, diaries, calendars, appointment books, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectus, interoffice and intraoffice communications offers, notations or memoranda of any sort of conversation, telephone calls, meetings or other communications, bulletins, printed matter, computer printouts, teletypes, telefax, invoices, modifications, changes and amendments of any kind of the foregoing), graphic or aural records or representations of any kind (including without limitations photographs, charts, graphs, microfiches, microfilm, videotapes, recordings, motion pictures) and electronics, mechanical or electrical records or representations of any kind (including without limitations, tapes, cassettes, discs, punchcards and records).

2.      The terms "relating to", "in regard to" and "including" mean constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, mentioning, concerning and/or referring to, directly or indirectly.

3.      "Person" shall mean individual, association, trust, public or private institute, corporation or other legal entity.

## CLAIM OF PRIVILEGE

If any document or statement is withheld from this request under a claim of privilege, then please furnish a list which identifies each document or statement for which privilege is claimed and include the following information for each such document:

1.      The date(s);

2.      The subject matter(s);

3.      The sender(s) or author(s);

4.      The recipient(s);

5.      The persons to whom copies were furnished, together with their job titles; and

6.      The basis on which privilege is claimed.

## GROUPING OR NUMBERING OF ITEMS PRODUCED

It is requested that the documents or other items submitted in response to these Requests for Production be grouped according to the individual request to which it is responsive and within each group, arranged in chronological order.

## ITEMS TO BE PRODUCED

1.      A copy of any and all statements (as defined in the Rules of Civil Procedure) concerning this action or the subject matter of this action previously made by the Plaintiff(s) to the Defendant, its agents or subsidiaries.

2.      Certified copies of any and all policies of liability or excess insurance coverage to the Defendant for claims arising out of the incident described in the Complaint, or certified copies of any and all policies of insurance which allegedly provide insurance coverage to the Defendant for the incident described in the Complaint.

3.      Color copies of any and all photographs taken at the scene of the incident as described in the Complaint.

4.      Any property in the possession of the Defendant on the date of the incident described in the Complaint which was involved in the incident in question and if such property no longer exists, then produce for examination copies of any and all photographs of such property.

5.      Any and all photographs, motion picture films, tapes or other recordings as they relate to the subject matter herein.

6.      Any and all surveillance films, tapes, photographs, activity records, neighborhood canvassing, etc., and the results thereof obtained with regard to Plaintiff(s) herein pursuant to Dodson v. Persell, 390 So. 2d 704 (Fla. 1980).

7.      Copies of any report(s) made by any employee of the Defendant or representative thereof, indicating the circumstances of the incident in question.

8.      Copies of the tapes and any written transcripts of any and all statements made by plaintiff(s) to you, your agents, employees, subsidiaries or anyone else regarding the incident complained of herein.

9.      Any and all photographs both prior to and subsequent to Plaintiff's injury-incident which depict the area where Plaintiff fell on the date of the incident complained of herein.

10.     Any and all documents pertaining to the care, upkeep and maintenance of the said area, from, including sweep sheets, inspection records, maintenance and repair records, and employee training manuals.

11.     Any and all permits, records, reports, and/or documents from the Department of Building and Safety concerning the subject premises.

12.     Any and all manuals, brochures, videos, employee training materials or other documents or tangible items evidencing company policies in effect on the date of the incident in question pertaining to the maintenance, inspection and cleaning of the Defendants premises, including the area where the incident occurred.

13.     Any surveillance videos and/or photographs taken of the premises and/or scene of the accident during the twenty-four hour period immediately prior to and the twenty-four hour period immediately after the incident complained of herein.

14.     Any and all documents in the possession, custody and/or control of the Defendant reflecting sweep sheets, inspection, cleaning, maintenance, or labor of the premises described above and in the complaint including, but not limited to, sweep sheets, maintenance records, repair records, inspection records, work orders, work completion statements, documents, writings or papers furnished to the Defendant by any contractor, agent and/or employee at that location by any person performing such cleaning, maintenance and/or inspection and/or memoranda evidencing or relating to any maintenance, inspection, cleaning and/or labor performed one week prior to the date of the incident that is the subject of the complaint to one week after the incident  (November 23, 2018 through  December 7, 2018).

15.     Any and all statements, including but not limited to, recorded telephone interviews, tapes, written statements, whether signed or unsigned, of all witnesses to the incident relative to the subject matter of this action and/or any witnesses having knowledge regarding any and all facts and issues in the instant litigation.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY  that a true and correct copy of the foregoing have been served upon the Defendant by Process server along with the Summons and Complaint

**Dated: May 7, 2021**

**Respectfully submitted,**
**FARAH AND FARAH, P.A.**

By: _/s/ Xavier T. Saunders_
**XAVIER T. SAUNDERS, ESQUIRE**
Florida Bar Number: 0047798
10 West Adams Street
Jacksonville, FL 32202
(904) 586-3060 (Tel. & Fax.)
Primary: xsaunders@farahandfarah.com
Attorney for Plaintiff

Filing # 126397737 E-Filed 05/07/2021 02:13:13 PM

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
CLAY COUNTY, FLORIDA

CASE NO.:

SAMUEL L. GREEN,

      Plaintiff,

vs.

WAL-MART STORES EAST, LP,
a foreign limited partnership,

      Defendant.

_____/

### PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT

      Plaintiff, SAMUEL L. GREEN, pursuant to the applicable Florida Rules of Civil

Procedure, requests that Defendant admit or deny the following:

1. The Complaint for this civil action alleged August 21, 2020 as the date of the incident.

2. On the date of the incident alleged in Plaintiff's Complaint, Defendant had possession and control of Defendant's store located at 1505 County Road 220, Fleming Island, Clay County, FL 32003 .

3. On the date of the incident alleged in Plaintiff's Complaint, Defendant, as listed in the caption of this action, was the legal titled owner of the building where this incident occurred.

4. Defendant is correctly named as listed in the caption of this action.

5. On the date of the incident alleged in Plaintiff's Complaint, Defendant was responsible for the cleaning and maintenance of Defendant's store located at 1505 County Road 220, Fleming Island, Clay County, FL 32003 .

6. On the date of the incident alleged in Plaintiff's Complaint, Defendant was responsible for inspecting the premises or a portion thereof,   for defects and dangerous conditions.

7. On the date of the incident alleged in Plaintiff's Complaint, Plaintiff, SAMUEL L. GREEN, fell within Defendant's store located at 1505 County Road 220, Fleming Island, Clay County, FL 32003 .

8. As a result of the incident alleged in Plaintiff's Complaint, Plaintiff, SAMUEL L. GREEN, sustained injuries.

9. Defendant's employee created a written record of the incident alleged in Plaintiff's Complaint.

10. There is video surveillance of Plaintiff's fall on August 21, 2020.

11. There are pictures, taken on behalf of Defendant, of the area where Plaintiff alleged to have fallen on August 21, 2020.

12. Defendant's negligence was the sole cause of the injuries sustained by Plaintiff as specified in the Complaint and Plaintiff was not negligent in any way.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY  that a true and correct copy of the foregoing have been served upon the Defendant by Process server along with the Summons and Complaint

Dated: May 7, 2021

Respectfully submitted,
FARAH AND FARAH, P.A.

By: */s/ Xavier T. Saunders*
XAVIER T. SAUNDERS, ESQUIRE
Florida Bar Number: 0047798
10 West Adams Street
Jacksonville, FL 32202
(904) 586-3060 (Tel. & Fax.)
Primary: xsaunders@farahandfarah.com
Attorney for Plaintiff

Filing # 126397737 E-Filed 05/07/2021 02:13:13 PM

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
CLAY COUNTY, FLORIDA

CASE NO.:

SAMUEL L. GREEN,

      Plaintiff,

vs.

WAL-MART STORES EAST, LP,
a foreign limited partnership,

      Defendant.

_____/

## PLAINTIFF'S NOTICE OF PROPOUNDING INTERROGATORIES ON DEFENDANT, WAL-MART STORES EAST, LP.

    Plaintiff, SAMUEL L. GREEN, by and through undersigned counsel, propounds the following interrogatories numbered one (1) through nineteen (19) to the Defendant, WAL-MART STORES EAST, LP, pursuant to the Florida Rules of Civil Procedure, Rule 1.340, the same to be answered separately and fully, under oath.

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY  that a true and correct copy of the foregoing have been served upon the Defendant by Process server along with the Summons and Complaint

**Dated: May 6, 2021**        **Respectfully submitted,**
                                    **FARAH AND FARAH, P.A.**

                                        */s/ Xavier T. Saunders*
                                    **XAVIER T. SAUNDERS, ESQUIRE**
                                    Florida Bar Number: 0047798
                                    10 West Adams Street
                                    Jacksonville, FL 32202
                                    (904) 586-3060 (Tel. & Fax.)
                                    Primary: xsaunders@farahandfarah.com
                                    Attorney for Plaintiff

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
CLAY COUNTY, FLORIDA

CASE NO.:

SAMUEL L. GREEN,

      Plaintiff,

vs.

WAL-MART STORES EAST, LP,
a foreign limited partnership,

      Defendant.

_____/

## INTERROGATORIES

I.     DEFINITIONS AND INSTRUCTIONS

A.     "Defendant" shall mean Defendant, WAL-MART STORES EAST, LP, and its subsidiaries, assigns, partners, associates, employees, attorneys, agents or representatives of same, and all persons acting or purporting to act on behalf of same for any purpose whatsoever.

B.     "Plaintiff" shall mean Plaintiff, SAMUEL L. GREEN, and Plaintiff's employees, attorneys, agents or representatives of same, and all persons acting or purporting to act on behalf of same for any purpose whatsoever.

C.     "Date" means the day of the month, the month and the year. If only the approximate date is known or available, please state the approximate date, indicating that it is approximate only.

D.     "Address" means the street, number, street name, city, state or province, country (if other than the United States of America), and, if available, zip code or other mailing code for the place of the designated person's residence or, if a business, the place its business is principally conducted.

E.     "Identify", when referring to a person or persons (as defined herein), means to state the current name, address and telephone number of the person about whom the information is sought. When referring to individuals, please state the name of their present or last known

employer, their office or title, if any, their job description and nature and dates of affiliation with any party to this litigation.

F.        "Identify", when used with respect to an act (including an alleged omission), communication, occurrence, statement or conduct (herein collectively called "act"), means to (1) describe the substance of the event or events constituting such act and state the date when such act occurred; (2) identify each and every person participating in such act; (3) identify all other persons (if any) present when such act occurred; (4) state whether any minutes, notes, memoranda, or other record of such act was made; (5) state whether such record now exists; and (6) identify the person or persons presently having possession, custody or control of each record.

G.        "Identify", when referring to a document, means to provide, as to each such document, the following information:

(b)        its title, if it has one, all identifying numbers, if any, all other identifying categorizing designations, and a brief description of it (such as letter, memorandum, manuscript, notes, etc.);

(c)        its subject matter;

(d)        the name, title and address of each person that wrote, signed, initialed, dictated or otherwise participated in the creation of the documents;

(e)        the name, title and address of each addressee, and of each other person receiving a copy of it;

(f)        its present location, and the name and address of its present custodian;

(g)        if the document is not an original, the name and address of the custodian of the original;

(h)        any other designation necessary to sufficiently identify the document so that a copy of it may be ordered or obtained from its custodian.

If any such document was, but is no longer, in your possession, custody or control, or in existence, state the date and manner of its disposition.

H.        "Identify" when referring to a business entity or entities shall mean to state the full legal name and the date and place (U.S. State/territory or foreign country) of  formation, if known, and its present address and telephone number.

I.        "Documents" shall mean all written, typed, printed, recorded or graphic matter of every type and description, however and by whomever prepared, produced, reproduced,

disseminated or made, in any form, now or formerly in the possession, custody or control of Defendant, his agents, employees and attorneys, or any of them, including, but not limited to letters, correspondence, telegrams, memoranda, agreements, intra- and inter-office communications, purchase orders, requisitions, plans, studies, summaries, analyses, result of investigations, reviews, bulletins, proposals, estimates, appraisals, recommendations, critiques, trip records, engineering calculations, bills of materials, drawings, sketches, blueprints, charts, notices, diaries, books, desk calendars, appointment books, messages, instructions, work assignments, notes, notebooks, drafts, data sheets, specification, statistical records, tapes, tape recordings, partial or complete reports of telephone conversations, photographs, slides, public statements, newspaper or other media releases, public and governmental filings, opinions, and any other writings, drawings or recordings. If any document was, but is not longer in Defendant's possession or subject to Defendant's control, identify the document.

J.      "Person" shall mean any individual, partnership, joint venture, firm, association, limited partnership, or business or any governmental or legal entity.

K.      "Communication" shall mean any transmission of information, the information transmitted, and any process by which information is transmitted, and shall include written communications and oral communications.

L.      "Incident" shall include all of the circumstances and events surrounding the accident, injury, or other occurrence, as described in the Complaint, giving rise to this action.

M.      "Any" shall also mean "all" and vice versa.

N.      "Relate to" (or a form thereof) shall mean constituting, reflecting, representing, supporting, contradicting, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, or relevant to. As indicated, the term necessarily includes information which is in opposition to as well as in support of the position(s) and claim(s) of Defendant in this action.

O.      "Reflect" (or a form thereof) shall mean embody, contain record, note, refer to, relate to, describe, be relevant to, state or mention.

P.      "Employee" means a past or present employee, officer or agent.

Q.      In answering the interrogatories below, Defendant shall furnish not only such information as is available to the particular individual(s) answering the interrogatories, but also such information as is known to each employee, representative, agent of Defendant including

Defendant's attorneys, investigators, and experts, unless such information is privileged from discovery.

      R.     Whenever in answer to these interrogatories, Defendant refers to a conversation or oral statement, Defendant shall give the date and place thereof, the identity of the persons involved in the conversation or oral statement, the identity of any persons present and the substance of the conversation or oral statement.

INTERROGATORIES

(In answering these Interrogatories, if answering for another person or entity, answer with respect to that person or entity, unless otherwise stated.)

1.     Please indicate the name(s), position(s), and address(es) of each such person providing the information contained in your answer.

2.     Describe in detail how the incident described in the complaint happened, including all actions taken by you to prevent the incident. Please include a detailed description of the place or location where the incident referred to in the complaint occurred within the Defendant's premises, including distances in feet to fixed objects or boundaries by which the location may be identified.

3.      Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

4.      Do you contend any person or entity other than you is, or may be liable in whole or part for the claims asserted against you in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention?

5.      List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

6.      Was Defendant the owner of, or in control of, the premises on which the alleged occurrence took place?  If so, please state whether the defendant was the owner of such premises or merely in control and for how long a period of time the defendant had been the owner of, or in control of, such premises.  If not, please state the full name and address or other

identification of the person, firm or limited partnership owning or controlling that area of the premises where the alleged occurrence took place, whether the defendant at the time of the alleged occurrence had in its possession, or had the defendant taken out, a general liability insurance policy covering accidents on such premises such as the alleged occurrence and whether the area where the alleged occurrence took place was inspected or examined within a short time after the alleged occurrence.

7.      At the time of the alleged occurrence, did Defendant have an employee whose responsibility was to oversee the management of the premises for the defendant?  If so, please identify, by name and address, each such employee and describe in detail the duties and responsibilities of each such employee.

8.      Please state the name, address and relationship to the Defendant of the person who was in direct charge of the premises on which the alleged occurrence took place at the time of the alleged occurrence, and please list the person's position and job duties on the day of the incident.

9.     For each of your former employees physically present at the time and place of the incident, please state his or her name, address and telephone number, job title as of the date of incident, whether she or he was on duty at the time of the incident, and the job or function she or he was performing at the time of the incident.

10.     For each of your employees physically present at the time and place of the incident, please state his or her name, job title as of the date of incident, whether she or he was on duty at the time of the incident, and the job or function she or he was performing at the time of the incident.

11.     Have you or anyone acting on your behalf interviewed any individual concerning the incident?  If so, for each individual state the name, address and telephone number of the individual interviewed, the date of the interview, and the name, address and telephone number of the person who conducted the interview.

12.     Have you or anyone acting on your behalf obtained a written or recorded statement from any individual concerning the incident?  If so, for each statement state the name, address and telephone number of the individual from whom the statement was obtained, the name, address and telephone number of the individual who obtained the statement, the date the statement was obtained, and the name, address and telephone number of each person who has the original statement or a copy.

13.     Do you or anyone acting on your behalf know of any photographs, films or videotapes depicting any place, or individual concerning the incident or Plaintiff's injuries?  If so, state the number of photographs or feet of film or videotape, the places, objects or persons photographed, filmed or videotaped, the date the photographs, films or videotapes were taken, the name, address and telephone number of the individual taking the photographs, films or videotapes, the name, address and telephone number of each person who has the original or a copy.

14.     Was a report made by any person concerning the incident?  If so state the name, title, identification number and employer of the person who made the report, the date and type of report made, the name, address and telephone number of the person for whom the report was made, who has possession of the report(s), and please include the substance of the report.

15.     Have you or anyone acting on your behalf inspected the scene of the incident?  If so, for each inspection state the name, address and telephone number of the individual making the inspection, the date of the inspection, and please indicate the substance of the results of such inspection.

16.     Please state whether you or anyone acting on your behalf have consulted any experts concerning the facts of this case.  If so, for each expert, please state his/her name, address, occupation and capacity, whether he/she furnished an oral or written report of his/her findings or opinions concerning the matters for which consultation was obtained, whether you intend to call him/her as an expert witness at trial, the substance of his/her findings or opinions respecting this action, and the name, date, publisher, and author of any scientific, technical or profession text, treatise, journal or similar publication upon which such expert relied to form his/her findings or opinions.

17.     Do you contend that any other person, business entity, or government entity is responsible in any way for the claims asserted against you in this lawsuit?  If so, please state the facts on which you rely in making this contention, as well as the names, addresses and telephone numbers each such person or entity including all persons who have knowledge of the facts, and identify all writings and other tangible things that support your contention and state the name, address and telephone number of the person who has each writing of thing.  If your answer is yes, have you identified each such person or entity of your contention?

18.    Did you or any agent or employee of the Defendant examine or inspect the area where the Plaintiff alleges the accident occurred within the twenty-four (24) hour period immediately prior to the alleged occurrence?  If so, please state the date and time of day of such examination or inspection, the name and address of each person involved in such examination or inspection, what such examination or inspection consisted of, what such examination or inspection revealed or showed, each act or activity done or undertaken by you or any agent or employee of the Defendant in response to any condition or circumstance disclosed by such examination or inspection, and describe with particularity all documents that would show when and what areas of the premises were inspected.

19.    Other than this incident, has any person reported slipping and/or tripping and/or falling in the area where this incident occurred during the twenty-four (24) hours prior to this incident?  If so, as to each such reported slip, trip, and/or fall incident, please provide the following information:

a)    The date of each such incident;

b)    A brief description of each such incident, including the type of surface on which the person involved in each such incident slipped, tripped, and/or fell;

c)    A brief description of the injuries suffered by any person involved in each such incident; and

d)    Whether any of the incidents referred to above resulted in a claim and/or lawsuit, and if so, the name of each claimant, date of the filing of each such claim and/or lawsuit, the civil number, if any, and a summary of the disposition of each such claim or lawsuit.

**STATE OF FLORIDA**
**COUNTY OF _____**

Before me the undersigned authority, duly authorized to administer oaths and take acknowledgements, personally appeared _____, who being by me duly sworn, deposes and says: That he has read the attached pleadings and the facts and information contained therein are true and correct to the best of his knowledge, information and belief.

_____
DEFENDANT'S REPRESENTATIVE

Sworn to and subscribed before
me this _____ day of _____, _____.


_____
NOTARY PUBLIC, AT LARGE


_____
COMMISSION

WAL-35619J /:STF

IN THE CIRCUIT COURT, FOURTH JUDICIAL
CIRCUIT, IN AND FOR CLAY COUNTY,
FLORIDA

CASE NO.:  2021-CA-000374

SAMUEL L. GREEN,

     Plaintiff(s),

vs.

WAL-MART STORES EAST, LP, a Foreign
limited partnership, ,

     Defendant(s).

_____/

## **NOTICE OF APPEARANCE**

The Law Firm of LUKS, SANTANIELLO, PETRILLO, COHEN & PETERFRIEND, hereby files its Notice of Appearance as Counsel for Defendants, Wal-Mart Stores East, LP herein and requests service of all pleadings, notices and other papers in this matter.

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Electronic Mail, to all counsel of record on the attached Service List, this 18th day of May, 2021.

          LUKS,  SANTANIELLO,  PETRILLO,  COHEN
          & PETERFRIEND
          Attorneys for Defendant
          301 W BAY STREET
          SUITE 1010
          JACKSONVILLE, FL 32202
          Telephone:  (904) 791-9191

Case No.: 2021-CA-000374
Page 2

Facsimile:  (904) 791-9196




By: ___ /s/ Allison B. Ziegler _____
       Jessalea M. Shettle
       Florida Bar No.: 127614
       Allison B Ziegler
       Florida Bar No.:  84944
       LUKSJAX-Pleadings@LS-Law.com


**SERVICE LIST**

Farah and Farah, P.A.
Xavier T. Saunders, Esq.
10 West Adams Street
Jacksonville, Florida 32202
xsaunders@farahandfarah.com

IN THE CIRCUIT COURT, FOURTH JUDICIAL
CIRCUIT, IN AND FOR CLAY COUNTY,
FLORIDA

CASE NO.:  2021-CA-000374

SAMUEL L. GREEN,

      Plaintiff(s),

v.

WAL-MART STORES EAST, LP, A FOREIGN
LIMITED PARTNERSHIP, ,

      Defendant(s).

_____/

### <u>NOTICE OF DESIGNATION OF E-MAIL ADDRESSES</u>

      Defendant, Wal-Mart Stores East, LP, by and through the undersigned counsel, hereby files this Notice of Designation of E-mail Addresses pursuant to Fla. R. Jud. Admin. 2.516, and notify all parties that the following e-mail address is the designated e-mail address for service of all pleadings or other documents required to be served in this matter.

LUKSJAX-Pleadings@LS-Law.com

**\*\*THIS EMAIL ADDRESS IS FOR THE SERVICES OF COURT DOCUMENTS <u>ONLY</u>.  ALL OTHER COMMUNICATIONS SHOULD BE DIRECTED TO THE ATTORNEY OF RECORD.\*\***

Case No.: 2021-CA-000374
Page 2

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been

furnished via Electronic Mail, to all counsel of record on the attached Service List, this

<u>18th</u> day of May, 2021.

LUKS, SANTANIELLO, PETRILLO, COHEN
& PETERFRIEND
Attorneys for Defendant
301 W BAY STREET
SUITE 1010
JACKSONVILLE, FL 32202
Telephone:  (904) 791-9191
Facsimile:  (904) 791-9196

By:____/s/ Allison B. Ziegler_____
    Jessalea M. Shettle
    Florida Bar No.: 127614
    Allison B Ziegler
    Florida Bar No.:  84944
    LUKSJAX-Pleadings@LS-Law.com

## **SERVICE LIST**

Farah and Farah, P.A.
Xavier T. Saunders, Esq.
10 West Adams Street
Jacksonville, Florida 32202
xsaunders@farahandfarah.com

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☒ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.      REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.      NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

  1

**VI.      IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.      HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.      IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Xavier T. Saunders        Fla. Bar # 47798
      Attorney or party             (Bar # if attorney)

Xavier T. Saunders               05/07/2021
  (type or print name)            Date

IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT IN AND
FOR CLAY COUNTY, FLORIDA

CASE NO.:  2021-CA-000374

SAMUEL L GREEN,

      Plaintiff,

vs.

WALMART STORES EAST, LP,

      Defendants.

_____ **/**

## DEFENDANT'S ANSWER,
## AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL
## <u>TO PLAINTIFF'S ORIGINAL COMPLAINT</u>

Defendant, WALMART STORES EAST, LP, by and through undersigned counsel, and

pursuant to Florida Rule of Civil Procedure 1.110, hereby serves Defendant's Answer,

Affirmative Defenses, and Demand for Jury Trial to Plaintiff's Original Complaint, as

follows:

### <u>ANSWER</u>

1.     Admitted, at this time, for jurisdictional purposes only. Denied as to any

remaining allegations.

2.     Unknown, therefore denied.

3.     Admitted.

4.     Admitted.

5.      Denied as to "Fleming Island," Admitted as to the remainder.

6.      Unknown as to the status of Plaintiff, therefore denied.

7.      Denied as phrased.

8.      Unknown, therefore denied.

9.      Denied as phrased.

10.     Denied.

11.     Denied.


## **AFFIRMATIVE DEFENSES**

1.      The Complaint fails to state a cause of action as it does not specifically state ultimate facts as to the alleged dangerous condition or knowledge thereof on the part of this Defendant.

2.      The Plaintiff was negligent, which negligence was the sole and legal cause of the accident described in the Complaint, thereby barring all claims, or in the alternative, such negligence contributed to the accident and alleged damages, thus requiring an apportionment of Plaintiff's damages according to Plaintiff's degree of fault.  Furthermore, to the extent Plaintiff was under the influence of any alcoholic beverage or drug and was more than 50% at fault for Plaintiff's own harm, Plaintiff's claim would be barred by Section 768.36, Florida Statutes.

3.      There were sufficient intervening and superseding causes, including the negligence of other persons, parties or entities, to which this Defendant had no control. In accordance with Section 768.81, Florida Statutes, the Defendant is entitled to an apportionment of fault and an apportionment of damages, as the Doctrine of Joint and Several Liability has been abolished.

4.      Plaintiff has received, or is entitled to receive, payments from collateral sources as identified by Section 768.76, Florida Statutes.  To the extent that subrogation rights do not exist or have been waived, the Defendant is entitled to a set-off for any collateral sources paid to or on behalf of the Plaintiff and/or as allowed by Section 768.041, Florida Statutes.

5.      The accident in question and damages alleged were proximately caused by the negligence of other persons and/or entities not subject to this Defendant's control. In accordance with Section 768.81, Florida Statutes, the Defendant is entitled to an apportionment of fault and an apportionment of damages under the modification of the Doctrine of Joint and Several Liability.

6.      Plaintiff failed to mitigate or minimize Plaintiff's damages, if any.

7.      The Defendant is entitled to a set-off of all sums or money, settlement, judgment or otherwise received by the Plaintiff from any other party or non-party to this action.

8.      The cause of any damages to Plaintiff was open and obvious and Plaintiff expressly assumed the ordinary risk incident to this.   The accident and damages complained of by Plaintiff in this Complaint was due to the ordinary risk expressly assumed by the Plaintiff.

9.      The Plaintiff voluntarily used the subject premises knowing of the risks, if any, incidental to use and therefore assumed all ordinary risks.

10.      Plaintiff failed to take ordinary and reasonable care in conducting himself on the premises.   Plaintiff's failure to use all ordinary care and reasonable care was the direct and proximate cause of Plaintiff's damages.

11.      This Defendant did not create, and had insufficient notice regarding the problems complained of by Plaintiff.   Any and all conditions complained of by Plaintiff existed for such a short period of time that there was no notice to this Defendant so that corrective action could be taken.   Defendant further avails itself of all defenses and burdens required of Plaintiff pursuant to Section 768.0755, Florida Statutes (July 1, 2010).

12.      If discovery reveals that at the time and place of the accident complained of Plaintiff was either a trespasser or an uninvited licensee, then Defendant would not owe Plaintiff the duty or duties alleged in the Complaint.   Furthermore, Defendant is entitled to all defenses and immunities provided for in Section 768.075, Florida Statutes, relating to trespassers under the influence, or discovered, or committing acts.

13.    At the time and place complained of, person or persons not operating under the control and consent of this Defendant so carelessly and negligently conducted themselves so as to cause the alleged accident, injuries and damages, and such negligence was the sole and proximate cause of the accident, thus barring all claims for damages against the Defendant.

14.    The Plaintiff's damages were caused by third parties not party to this litigation and this Defendant is entitled to have its liability reduced on a pro rata basis for the negligence of any and all persons not parties to this litigation.

15.    Any disability, disfigurement or injury claims alleged by Plaintiff, are a result of a pre-existing condition or were caused by a subsequent injury or injuries and were not caused or aggravated by any alleged acts of negligence of third parties.

16.    Plaintiff has not satisfied all conditions precedent to filing this suit against this Defendant and/or the subject action is barred by the Statute of Limitations.

17.    Defendant avails itself of all statutory defenses and burdens of proof required by Florida law, FAC or Federal law, including but not limited to Chapters 324, 768 and 627, Florida Statutes.

18.    Plaintiff has failed to mitigate damages because: the medical bills are not reasonable and/or necessary; the billing is excessive; the treatment and/or billing was not casually related to the accident; the medical providers have engaged in conduct (excessive billing or treatment) which was not reasonably foreseeable; Plaintiff had health insurance

and treated under a Letter of Protection, which is void against public policy, and Defendant is entitled to a write-down or setoff pursuant to Section 641.3154, Florida Statutes and *Marion v. Orlando*, 2009 W.L. 7582985 (Fla. Cir. Ct. 2009). If Plaintiff is a Medicare beneficiary, then Defendant is entitled to a write-down or setoff under the Medicare fee schedule.

19.     Defendant asserts that the Plaintiff's past and future damages are reduced or offset by the amount of any governmental or charitable benefits available and further, that the Defendant is entitled to an offset by any and all payments which have been made or will be made to the Plaintiff as a result of the injuries alleged in the Complaint.

20.     Defendant asserts that it is entitled to a set off of any contractual discount of medical bills or expenses, negotiated write off of medical bills or expenses or negotiated agreement to pay medical bills or other expenses in the future pursuant to the law of collateral source setoffs and Goble v. Frohman, 901 So.2d 830 (Fla. 2005). Alternatively, Plaintiff is not entitled to claim bills, costs or expenses incurred but waived or not actually incurred by the Plaintiff.

21.     The collateral source rule is no longer applicable, because the Patient Protection and Affordable Care Act mandates that all persons obtain health insurance. Therefore, evidence relating to collateral source benefits received in the past and available in the future to Plaintiff's statutory survivors is admissible and such collateral source benefits shall offset and reduce any past or future economic damages awarded.

22.     To the extent that the Plaintiff failed to comply with the mandate of the Patient Protection and Affordable Care Act to obtain health insurance, Plaintiff has failed to mitigate its damages and Plaintiff's recovery must be reduced by the amount attributable to such failure.

## DEMAND FOR JURY TRIAL

Defendant demands a jury trial on all issues so triable.

**WHEREFORE**, Plaintiff should take nothing by this action and Defendant should go hence without day.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Electronic Mail, to all counsel of record listed on the attached Service List, this 27th day of May, 2021.

LUKS, SANTANIELLO, PETRILLO & COHEN
Attorneys for Defendant
301 W Bay Street,  #1050
Jacksonville, FL, 32202
Telephone: (904) 791-9191
Fax: (904) 791-9196


By:____/s/ Allison B. Ziegler_____
     TODD SPRINGER
     Florida Bar No.: 178410
     JESSALEA M. SHETTLE
     Florida Bar No.: 127614
     ALLISON ZIEGLER
     Florida Bar No.: 0084944
     LUKSFLL-Pleadings@LS-Law.com

**SERVICE LIST**

Farah and Farah, P.A.
Xavier T. Saunders, Esq.
10 West Adams Street
Jacksonville, Florida 32202
xsaunders@farahandfarah.com